IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

JOE CURTIS HARRIS,

   Plaintiff,

v.              CIVIL ACTION NO.: CV506-035

CALVIN D. MORTON; J. GARARD;
Lt. SPELL; RICHARD MAYNARD;
Nurse FOWLER, and Lt. ADAMS,

   Defendants.

## ORDER

Plaintiff, an inmate presently confined at D. Ray James Prison in Folkston, Georgia, has been permitted to proceed in forma pauperis in an action under 42 U.S.C.A. § 1983 contesting the conditions of his confinement. A plaintiff proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Reform Litigation Act ("PLRA"), 28 U.S.C.A. § 1915.

Plaintiff alleges that during his preliminary medical interview at D. Ray James Prison, Defendant Fowler threw away a prescribed skin cream and then forced him to take an "unknown drug." (Compl. p. 3). Plaintiff contends that Defendant Fowler became angry with him and Defendant Spell arrived, handcuffed Plaintiff, and took him to segregation. Plaintiff avers that he spent several days in segregation without any wrongdoing.

Plaintiff then alleges that he was to appear before a Chatham County Court. Plaintiff alleges that he told Defendant Garrard about this, but Defendant Garrard refused to contact Defendant Morton with regards to his transportation to the court house. Plaintiff also contends that he was denied access to the work release programs and transitional

AO 72A
(Rev. 8/82)

programs offered at the prison by Defendant Garrard. Plaintiff avers that he was not given a "temporary release date" which he claims all other similarly situated inmates had.

Plaintiff then asserts that Defendant Spell ordered him to take off his Kufi, which is the head-wear of the Muslim faith. Plaintiff also asserts that the prison purposely serves meals at odd hours to punish the inmates. Plaintiff contends that this is a form of cruel and unusual punishment.

Plaintiff allegedly filed grievances reporting all of the alleged violations. Plaintiff contends that the grievances were rejected by Defendant Maynard and that when Plaintiff asked to make a formal grievance to the Georgia Department of Corrections, he was denied access to the proper forms.

A plaintiff may not join unrelated claims and various defendants unless the claims "arise out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a). Plaintiff has failed to show a logical relationship between his separate allegations against these Defendants. Thus, these allegations lack a logical relationship, and the Court will not allow the joinder of these unrelated claims. Plaintiff is directed to advise the Court as to which claim or related claims he wishes to pursue in this action. Plaintiff may submit separate Complaints for his other claims. If Plaintiff does not respond to this Order within thirty (30) days, this Complaint will be dismissed, without prejudice.

**SO ORDERED**, this 7th day of August, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)